# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**LINDA TAYLOR,**
*Individually, and on behalf of herself and others similarly situated,*

Plaintiff,

v.                                                          No. _____

**INTERNAL HEALTH AND**                    **FLSA 216(b) Collective Action**
**MEDICAL SERVICES, LLC,**                 **JURY DEMANDED**
*a Tennessee Limited Liability Company,*

Defendant.

## ORIGINAL FLSA 216(b) COLLECTIVE ACTION COMPLAINT

Plaintiff, Linda Taylor ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and others similarly situated (potential plaintiffs), files this Original Collective Action Complaint, alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq,* including collective claims for unpaid overtime and individual claims for unpaid minimum wages as follows:

### I.   INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Internal Health and Medical Services, LLC ("Defendant") on behalf of Plaintiff, individually, and on behalf of herself and other similarly situated current and former hourly-paid nurse practioners and medical assistants ("Potential Plaintiffs"), who were employed by Defendant during the three (3) years preceding the filing of this Complaint. Plaintiff and Potential Plaintiffs seek damages for

1

unpaid training, travel, meetings, and overtime. The unpaid wage claims of Plaintiff and those similarly situated (Potential Plaintiffs) are unified through common theories of Defendant's FLSA violations.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant has conducted business within this District during all relevant periods to this action. Moreover, Plaintiff has been employed by Defendant in this District during all times material to this action.

## III. PARTIES

4. Defendant Internal Health and Medical Services, LLC is a Tennessee for-profit Limited Liability Company with its principal address at 2189 West Street, Germantown, Tennessee 38138. Defendant Internal Health and Medical Services, LLC can be severed via its registered agent, Margaret Henderson-Lee, at 2189 West Street, Germantown, Tennessee 38138 or wherever she may be found.

5. Plaintiff Taylor was employed by Defendants as a non-exempt hourly-paid nurse practitioner in this District during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Taylor's Consent to Join this collective action is attached hereto as *Exhibit A*.

6. Defendant employed Plaintiff and Potential Plaintiffs as non-exempt hourly-paid nurse practitioners and medical assistants.

## IV.     FACTUAL BACKGROUND

7.  Defendant Internal Health and Medical Services, LLC is a primary care healthcare provider.

8.  Plaintiff and Potential Plaintiffs were employed by Defendant as hourly-paid health care employees (nurse practitioners and medical assistants) during the three (3) year period preceding the filing of this action.

9.  Plaintiff and Potential Plaintiffs typically worked forty (40) or more hours per week for Defendant during all times material to this action.

10. Defendant has been the "employer" of Plaintiff and Potential Plaintiffs within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

11. At all times material to this action, Plaintiff and Potential Plaintiffs have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

12. Plaintiff and Potential Plaintiffs also have engaged in commerce during the applicable statutory period.

13. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203 (s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

14. Defendant has been responsible for the implementation and administration of pay practices related to Plaintiff and Potential Plaintiffs.

15. Defendant has had a common policy, plan and practice of failing to pay Plaintiff and Potential Plaintiffs for travel time from one patient to another patient or from assisted living

facility to assisted living facility (during all times material to this Action.

16. Plaintiff and Potential Plaintiffs engaged in travel between patients several times each work day, often up to twenty (20) minutes or more each time, without being compensated for such travel time at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this lawsuit.

17. Defendants have been aware that Plaintiff and Potential Plaintiffs were not being compensated at the applicable FLSA overtime rates of pay for their travel time from one patient to another patient -- related to their healthcare work on behalf of Defendant.

18. In addition, Defendant has had a common policy, plan and practice of failing to pay Plaintiff and Potential Plaintiffs for hours worked in excess of forty (40) hours per week at the applicable FLSA overtime rate of pay within weekly pay periods during all times material to this Action.

19. Plaintiff and Potential Plaintiffs performed work in excess of forty (40) hours per week within weekly pay periods during all times material to this lawsuit without being paid the applicable FLSA overtime rate of pay for such overtime work.

20. Consequently, Plaintiff and Potential Plaintiffs have not received one and one-half times their regular hourly rate of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of the original Complaint.

21. Defendant has been aware that Plaintiff and Potential Plaintiffs were not receiving one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this action.

22. The aforementioned unpaid overtime claims of Plaintiff and Potential Plaintiffs are unified through common theories of Defendant's FLSA violations.

23. Defendant willfully and, with reckless disregard to the FLSA's established requirements, failed to compensate Plaintiff and Potential Plaintiffs at the applicable FLSA overtime rates of pay for the aforementioned unpaid training, travel, meetings, and overtime within weekly pay periods during all times material to this Action.

24. Defendant knew it was not compensating Plaintiff and Potential Plaintiffs for their compensable training, travel, meetings, and overtime at the applicable FLSA overtime rates of pay within weekly pay periods during all times material without a good faith basis for their failure.

25. Defendant failed to keep accurate time and pay records of Plaintiff and Potential Plaintiffs in violation of the FLSA.

26. The net effect of Defendant's common policy, plan and practice of failing to pay Plaintiff and Potential Plaintiffs at the applicable FLSA overtime rates of pay for the aforementioned training, travel, meetings, and overtime within weekly pay periods during all times material to this Action, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and Potential Plaintiffs.

27. During Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours per week. However, Plaintiff was not compensated for *any hours* worked during this time.

28. Defendant has refused to pay Plaintiff any wages, both minimum wages and overtime, for the work she performed during her employment.

## V.  COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this case as a collective action on behalf of herself and seeks to send notice of this action to similarly situated nurse practitioners and medical assistants pursuant to 29

U.S.C. § 216(b) to recover unpaid overtime, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

30. Plaintiff seeks to send notice to a proposed group of Potential Plaintiffs defined as:

> All current and former hourly-paid nurse practitioners and medical assistants employed by Defendant who were not paid for all or part of their overtime at the applicable FLSA overtime rates of pay within weekly pay periods during the three (3) years preceding the filing of this action ("Potential Plaintiffs").

31. Plaintiff and Potential Plaintiffs are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and Potential Plaintiffs for their compensable training, travel, meetings, and overtime at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

32. This action is properly maintained as a collective action because Plaintiff is similarly situated to Potential Plaintiffs with respect to Defendant's pay and compensation policies, plans and practices.

33. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to Potential Plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of potential plaintiffs to protect their interests.

34. Plaintiff will fairly and adequately protect the interests of Potential Plaintiffs as her interests are in complete alignment with those of Potential Plaintiffs, i.e., to pursue her aforementioned unpaid training time, travel time, meetings time, and overtime claims

against Defendant.

35. Counsel for Plaintiff will adequately protect her interests as well as the interests of all Potential Plaintiffs.

36. Defendant knew Plaintiff and Potential Plaintiffs performed training work, engaged in travel time (between patients), attended mandatory meetings, and worked in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid. Nonetheless, Defendant operated under a common policy, plan and practice to deprive Plaintiff and Potential Plaintiffs of such compensation.

37. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and Potential Plaintiffs.

38. Defendant did not have a good faith basis for its failure to compensate Plaintiff and Potential Plaintiffs for their training time, travel time, meetings time, and overtime hours of work at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this Action.

39. Defendant failed to keep accurate time and pay records of Plaintiff and Potential Plaintiffs.

40. Therefore, Defendant is liable to Plaintiff and Potential Plaintiffs for failing to properly compensate them for the aforementioned unpaid training time, travel time, meetings time, and overtime hours of work within weekly pay periods during all times material.

41. The aforementioned unpaid training time, travel time, meetings time, and overtime claims of Plaintiff and Plaintiffs are unified through common theories of Defendant's FLSA violations.

42. Plaintiff requests this Court to authorize notice to Potential Plaintiffs in order to inform them of the pendency of this action and their right to "opt-in" or "join" this lawsuit pursuant

   to 29 U.S.C. § 216(b), for the purpose of seeking unpaid training time, travel time, meetings time, and overtime compensation, as well as liquidated damages, under the FLSA, and other relief requested herein.

43. Plaintiff estimates there are more than one-hundred (100) Potential Plaintiffs. The precise number of Potential Plaintiffs can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the number of Potential Plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice at Defendant's work place.

44. Plaintiff and Potential Plaintiffs' unpaid training time, travel time, meetings time, and overtime claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## **COUNT I**
**(Violation of the Fair Labor Standards Act- Collective Unpaid Overtime Claims)**

45. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

46. At all relative times, Plaintiff and Potential Plaintiffs have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

47. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and Potential Plaintiffs also have engaged in interstate commerce during all times material to this action.

48. Defendant employed Plaintiff and Potential Plaintiffs under the coverage of the FLSA, during all times relevant to this Complaint.

49. At all relevant times, Plaintiff and Potential Plaintiffs were "employees" of Defendant within the meaning of the FLSA's minimum wage and overtime wage requirements.

50. Plaintiff and Potential Plaintiffs have been similarly situated individuals within the

meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

51. Defendants' common policy, plan and practice of failing to pay Plaintiff and Potential Plaintiffs for their training, travel, meetings, and overtime within weekly pay periods during all times material without compensating them at the applicable FLSA overtime rates of pay has violated the FLSA.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

53. Defendant's actions were willful with reckless disregard to clearly defined FLSA provisions.

54. Defendant's actions were not in good faith.

55. The unpaid training, travel, meetings, and overtime claims of Plaintiff and Potential Plaintiffs are unified through common theories of Defendant's FLSA violations.

56. Defendants failed to keep accurate time and pay records of Plaintiff and Potential Plaintiffs as required by the FLSA.

57. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and Potential Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

58. Defendant is liable to Plaintiff and Potential Plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

**COUNT II**
**(Violation of the Fair Labor Standards Act – Individual Minimum Wage Claim)**

59. The forgoing paragraphs are incorporated by reference as if fully stated herein.

60. At all relative times, Named Plaintiff has been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

61. At all relevant times, Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Named Plaintiff has engaged in interstate commerce during all times material to this action.

62. At all relevant times, Named Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

63. Through its actions, policies, practices, and plans, Defendant violated the FLSA by failing to compensate Named Plaintiff for *any hours* worked during Named Plaintiff's employment with Defendant. This constitutes wage theft in its clearest form.

64. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

65. Defendant's actions were not in good faith.

66. As a direct and proximate cause of Defendant's unlawful conduct, Named Plaintiff has suffered and will continue to suffer a loss of income and other damages.

67. Therefore, Defendant is liable to Named Plaintiff for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 201, *et seq*., as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Potential Plaintiffs request the Court to enter judgment in their favor on this Complaint and:

(a) Award Plaintiff and Potential Plaintiffs FLSA statutory damages against Defendant;

(b) Award Plaintiff and Potential Plaintiffs all unpaid training time, travel time, meetings time, and overtime compensation against Defendants;

(c) Find and declare Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

(d) Award Plaintiff and Potential Plaintiffs liquidated damages in accordance with the FLSA;

(e) Award prejudgment interest to Plaintiff and Potential Plaintiffs (to the extent that liquidated damages are not awarded);

(f) Award minimum wage to Named Plaintiff for her employment with Defendant;

(g) Award Plaintiff and Potential Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

(h) Award post-judgment interest and court costs to Plaintiff and Potential Plaintiffs as allowed by law;

(i) Enter an Order directing the issuance of notice to potential plaintiffs pursuant to 29 U.S.C. § 216(b);

(j) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

(k) Provide additional general and equitable relief to which Plaintiff and Potential Plaintiffs may be entitled; and

(l) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: October 20, 2023.                    Respectfully Submitted,

                                          *s/J. Russ Bryant*
                                          J. Russ Bryant (TN BPR #33830)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 754-8524
*rbryant@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***