IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LINDA TAYLOR, SANDRA COX, and TONYA DIXON, individually and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL HEALTH AND MEDICAL SERVICES, LLC and MARGARET HENDERSON-LEE,<br><br>Defendants. | No. 2:23-cv-02663-SHL-cgc |

**ORDER GRANTING PLAINTIFFS' MOTION FOR COURT SUPERVISED NOTICE PURSUANT TO 29 U.S.C. § 216(b)**

Before the Court is Plaintiffs' Motion for Court Supervised Notice Pursuant to 29 U.S.C. § 216(b), filed August 1, 2024. (ECF No. 31.) Plaintiffs request an order (1) authorizing their overtime claims to proceed as an FLSA collective action on behalf of themselves and other similarly situated employees; (2) directing Defendants to provide Plaintiffs' counsel with a computer-readable file containing identifying information for all putative class members; (3) directing Defendants to display the Court-approved notice at all of Defendants' facilities where they currently employ anyone who falls within the putative class, to enclose the notice with the next regularly scheduled paycheck for all putative class members who are currently employed by Defendants, and to mail and email the notice to the putative class; (4) tolling the statute of limitations for the putative class as of the date the motion is fully briefed; and (5) deeming the opt-in plaintiffs' Consent to Join forms "filed" on the date they are postmarked. (ECF No. 31 at

Page No. 1–2.¹)  Despite a six-month extension of time to respond, Defendants have not done so.²  Because Plaintiffs have established a strong likelihood that other nurse practitioners and medical assistants are similarly situated to them, and there being no response in opposition, Plaintiffs' motion is **GRANTED**.

The Fair Labor Standards Act allows plaintiffs to litigate federal minimum-wage and overtime claims on behalf of themselves and other "similarly situated" employees.  29 U.S.C. § 216(b).  Courts have an "implied" power to facilitate notice of FLSA suits to similarly situated employees.  Clark v. A&L Homecare & Training Cent., LLC, 68 F.4th 1003, 1007 (6th Cir. 2023) (quoting Hoffman-La Roche v. Sperling, 493 U.S. 165, 169 (1989)).  To obtain court-facilitated notice, the "plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves."  Id. at 1011.  This standard requires "a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance."  Id.  Plaintiffs can meet this standard by establishing that the potential opt-in plaintiffs "performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were."  Id. at 1010.

---

¹ Due to a technical error with the CM/ECF system, Plaintiffs' motion and memorandum do not contain a stamp indicating the PageID number of each page.  Thus, the Court will cite to each page by reference to the document's internal page number.

² When Plaintiffs and Defendant Margaret Henderson-Lee appeared for a status conference on February 5, 2025, the Court gave Defendants until February 19 to file their respective responses, even though they were already "long overdue."  (ECF No. 44 at PageID 168.)  Neither Defendant responded.  Despite multiple show cause orders directing Defendant Internal Health and Medical Services, LLC to obtain counsel, it remains absent from this litigation.  Although Henderson-Lee filed a document styled as a "Response to Plaintiff's Motion" on the day of the deadline, her response is actually an answer to Plaintiffs' amended complaint and does not address the motion at all.  (See ECF No. 46.)  The Court again encourages Henderson-Lee to obtain counsel to help her navigate this litigation.

Here, Plaintiffs seek to represent all hourly-paid healthcare employees whose positions were similar to theirs, who were subject to Defendants' denial of proper overtime compensation, and who were subject to Defendants' de facto policy or practice of requiring employees to travel on the clock without appropriate compensation. (ECF No. 31-1 at Page No. 7.) In support of their motion, each Plaintiff provides a sworn declaration stating that all of the nurse practitioners and medical assistants employed by Defendants (1) performed the same or similar job duties, (2) followed the same policies and procedures, (3) were subject to the same employee handbook, (4) underwent the same training, (5) reported to the same supervisors and management employees, (6) were paid under the same pay system, and (7) were not paid overtime compensation. (ECF No. 31-2 at ¶ 3; ECF No. 31-3 at ¶ 3; ECF No. 31-4 at ¶ 3.) They all worked fifty to sixty hours per week for which Defendants did not provide overtime compensation. (ECF No. 31-2 at ¶¶ 5–7; ECF No. 31-3 at ¶¶ 5–6; ECF No. 31-4 at ¶¶ 5–6.) They all engaged in travel on the job, and they all state that Defendants had a common policy of failing to pay nurse practitioners and medical assistants for compensable travel time from patient to patient and facility to facility. (ECF No. 31-2 at ¶ 8–9; ECF No. 31-3 at ¶¶ 7–8; ECF No. 31-4 at ¶¶ 7–8.)

Plaintiffs have shown that Defendants have a company policy to deny nurse practitioners and medical assistants (1) appropriate overtime compensation for work performed in excess of forty hours a week (ECF No. 31-2 at ¶¶ 5–7; ECF No. 31-3 at ¶¶ 5–6; ECF No. 31-4 at ¶¶ 5–6); and (2) compensation for travel time at applicable FLSA overtime rates (ECF No. 31-2 at ¶ 8–9; ECF No. 31-3 at ¶¶ 7–8; ECF No. 31-4 at ¶¶ 7–8). Given the sworn declarations and the lack of opposition, the Court finds that Plaintiffs have sufficiently shown a strong likelihood that the other nurse practitioners and medical assistants employed by Defendants are similarly situated to

Plaintiffs and they all allegedly suffered under the same policies and practices that violate the FLSA. Thus, Plaintiffs' motion is **GRANTED**. The Court **ORDERS** the following:

1. Plaintiffs are authorized to proceed on their overtime claims as an FLSA collective action on behalf of themselves and other similarly situated employees;

2. Plaintiffs' counsel is authorized to serve the Notice and Consent to Join form attached as Exhibits D and E to their motion to all individuals employed by Defendants as nurse practitioners and medical assistants from July 12, 2021, through present day;

3. Defendants are directed to provide Plaintiffs' counsel with a computer-readable file containing the last name, first name, last known physical address, last known email address, last known telephone number, and dates of employment for all putative class members by **March 19, 2025**;

4. Within **fourteen days** of receipt of the identifying information listed above, Plaintiffs' counsel shall mail and email all putative class members the approved Notice and Consent to Join forms attached as Exhibits D and E to their motion;

5. Plaintiffs' counsel shall mail the approved Notice and Consent to Join forms to the putative class with an enclosed pre-paid return envelope addressed to Plaintiffs' counsel's office;

6. Plaintiffs' counsel shall file a Notice of Mailing within three business days of mailing the Notice and Consent to Join forms to inform Defendants and the Court that the notice period has begun;

7. The opt-in period shall run for sixty days from the date Plaintiffs' counsel mails the Notice and Consent to Join forms;

8. Any Consent to Join form that is filed will be considered filed on the date they are postmarked;

9. Plaintiffs' counsel shall also email the approved Notice and Consent to Join forms to the putative class in PDF format with a subject line that states, "Notice of Lawsuit against Internal Health and Medical Services, LLC and Margaret Henderson-Lee";

10. Defendants are directed to display the Notice attached as Exhibit D to Plaintiffs' motion at all of Defendants' facilities where they currently employ anyone who falls within the putative class and to enclose it with the next regularly scheduled paycheck for all putative class members who are currently employed by Defendants;

11. The statute of limitations for the putative class is tolled as of August 15, 2024.[3]

**IT IS SO ORDERED**, this 27th day of February, 2025.

                                     s/ Sheryl H. Lipman
                                     SHERYL H. LIPMAN
                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Because Plaintiffs filed their motion on August 1, 2024, Defendants' responses were originally due on August 15, 2024. To prevent the putative class from suffering prejudice resulting from Defendants' delay in participating in this litigation, the Court will toll the statute of limitations beginning on the date the original responses were due instead of the extended deadline of February 19.